498 So.2d 1164 (1986)
Mary MENARD, Plaintiff-Appellee,
v.
ROYAL INSURANCE COMPANY, Defendant-Appellant.
No. 86-40.
Court of Appeal of Louisiana, Third Circuit.
December 10, 1986.
*1165 James E. Diaz, Jr. of Onebane and Assoc., Lafayette, for defendant-appellant.
Thomas J. DeJean, Opelousas, for plaintiff-appellee.
Before DOMENGEAUX, FORET and STOKER, JJ.
DOMENGEAUX, Judge.
This suit for medical benefits under our worker's compensation act was instituted by the plaintiff following the refusal by defendant, her employer's compensation insurer, to pay for treatment by Doctor Brodsky, an orthopedic surgeon in Houston, Texas.
It was stipulated that the plaintiff sustained a disabling back injury in January, 1984, while employed by the Amelia Manor Nursing Home; that weekly compensation benefits were being paid currently; that she was seen by a Doctor Dugal and Dr. Albin Young, an orthopedic surgeon in Lafayette, who was capable of treating the plaintiff; that plaintiff has also been seen by Doctor Brodsky, who performed surgery on her back previously; that Doctor Brodsky recommended that a myelogram be performed; and that Doctor Brodsky's services are necessary and proper treatment for her injury.
Correspondence from Doctor Young attached to the stipulation reflects that he recommended hospitalization for a further workup, including myelography and C.T. scanning, but plaintiff refused his recommended treatment.
At the trial the plaintiff testified she had injured her back in a work-related accident in 1977 and saw a number of doctors in Louisiana, none of whom could find anything wrong with her. Some recommended that she see a psychiatrist, but she refused and went to see Doctor Brodsky, who successfully operated on her back in 1980. She now mistrusts all Louisiana doctors and wants to be treated by a physician outside of this state. At the conclusion of the trial, judgment was rendered for the $225.00 unpaid bill of Doctor Brodsky, plus 12% penalty and an attorney's fee of $1,500.00. We reverse.
Undoubtedly, trust and confidence by the patient in the doctor is important to successful treatment. Also, it seems well-settled under our jurisprudence that an employee is entitled to choose the physician for treatment of his disabling injury. Comeaux v. Cameron Offshore Services, Inc., 420 So.2d 1209 (La.App. 3rd Cir.1982). However, in 1983 our Legislature added the following to La.R.S. 23:1203(A) in regard to the employer's duty to furnish medical services:
"All such services and treatment shall be performed at facilities within the state when available."
The wording in this sentence is clear and unambiguous and mandatorily requires that medical services in a compensation case be performed at facilities in Louisiana when available. When a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. La.C.C. Article 13; Willis v. Franklin, 420 So.2d 1243 (La. App. 3rd Cir.1982).
The parties stipulated that Dr. Albin Young, to whom plaintiff was referred by her own attorney although she presented herself for examination reluctantly, is capable of treating the plaintiff. In addition, the trial court took judicial notice without objection of the fact that there are many other capable orthopedic surgeons practicing in various cities in Louisiana. It is *1166 obvious that Doctor Young and many other capable orthopedic surgeons in this state are available to provide plaintiff the necessary medical care provided she submit to the treatment. It is interesting to note that both Doctors Brodsky and Young recommended a myelogram when they examined plaintiff.
While we can understand the plaintiff's preference for treatment by Doctor Brodsky, we are unable to conclude that her mistrust for all the doctors in Louisiana, if it really exists in this case, should override a clear and explicit law enacted by our legislature.
Having found that the plaintiff is not entitled to recover for the medical services involved in this case, the issue of penalties and attorney's fees have become moot.
The judgment of the district court is reversed and judgment is hereby rendered in favor of the defendant dismissing the suit at plaintiff's cost. All costs of court are assessed to plaintiff.
REVERSED AND RENDERED.