FORET, Judge.
This is a worker’s compensation proceeding. Plaintiff, Carmen Cain, filed a Rule to Show Cause, Motion to Compel Payment of Medical and Travel Expenses, and Motion to Tax Court Costs against defendant, General Accident Group, seeking reimbursement for medical, travel and other related expenses, as well as attorney’s fees. The trial court rendered judgment in favor of plaintiff, and both plaintiff and defendant have appealed, raising several assignments of error.
At the time this dispute arose, plaintiff was receiving worker’s compensation benefits from the defendant as a result of a knee injury she sustained on August 11, 1982, while working as a coach and athletic director at the Academy of the Sacred Heart School. Plaintiff began receiving worker’s compensation benefits pursuant to a judgment rendered by the trial court on June 28, 1985. On August 4, 1986, the defendant filed a Petition for Modification *1002 of Workmen’s Compensation Judgment, alleging that plaintiff was no longer entitled to worker’s compensation benefits in light of her improved physical condition. Subsequently, plaintiff sought and obtained additional medical treatment of her knee injury at the Mayo Clinic in Rochester, Minnesota and on January 30, 1987, Dr. Franklin Sim, an orthopedic surgeon at the Mayo Clinic, performed surgery on plaintiff’s injured right knee. She thereafter returned to Lafayette where she underwent physical therapy and has consulted Dr. Gregory Gidman for periodic outpatient treatment.
Considering the fact that plaintiff’s condition had apparently worsened, defendant thereafter voluntarily dismissed its Petition for Modification of Workmen’s Compensation Judgment. However, the defendant refused to pay medical and travel expenses incurred in connection with plaintiff’s surgery and subsequent outpatient treatment. Plaintiff then filed the aforementioned rule and motions, seeking payment of medical and travel expenses incurred during her stay at the Mayo Clinic, as well as physical therapy charges and medical expenses incurred subsequent thereto. Plaintiff is also requesting that defendant be ordered to pay a bill for $600 submitted by Dr. Ethel Smith for consultation and/or treatment. Additionally, she seeks to recover court costs, court reporter fees, witness fees, and costs of a medical report, which expenses were allegedly incurred in defending the defendant’s petition to terminate worker’s compensation benefits. Finally, she asks that defendant be condemned to pay attorney’s fees for its arbitrary and capricious refusal to pay medical expenses submitted. After hearing this matter on May 14, 1987, the trial court ordered the defendant to pay all of the medical expenses and other charges enumerated above and further awarded plaintiff attorney’s fees in the amount of IROOO.[1]
ASSIGNMENTS OF ERROR
In its appeal, defendant raises the following assignments of error:
I
The trial court erred in imposing liability for medical and travel expenses incurred by plaintiff in connection with medical treatment received at the Mayo Clinic because:
(a) the necessity of such treatment was not demonstrated in compliance with R.S. 23:1203, requiring that any necessary services or treatment be performed in facilities within the State when available,
(b) such treatment was in the nature of evaluative treatment for purposes of litigation and,
(c) any medical problems necessitating this treatment are attributable to an aggravation of an otherwise asymptomatic condition brought about by the plaintiff’s wilful refusal to follow her treating physician’s orders.
II
The trial court erred in ordering the defendant to pay the medical bill of Dr. Ethel Smith in view of the fact that this expense was incurred for a medical evaluation for purposes of litigation.
III
The trial court erred in ordering the defendant to pay all medical bills submitted by Dr. Gregory Gidman and the Physical Therapy Clinic in view of the fact that it has not been demonstrated that such expenses were the direct result of plaintiff’s initial job-related injury.
IV
The trial court erred in ordering defendant to pay all litigation expenses incurred by plaintiff in defending the Petition for Modification of Workmen’s Compensation Judgment filed by defendant.
V
The trial court erred in awarding the plaintiff attorney’s fees in the amount of *1003 $1,000 for defendant’s arbitrary and capricious failure to pay medical, hospital, and travel expenses incurred by plaintiff.
Alternatively, defendant argues that this matter should be remanded to the trial court for a full evidentiary hearing. Plaintiff has also appealed, asking that the trial court’s award of attorney’s fees be increased to at least $7,500.
The record on appeal consists only of the May 14,1987 hearing on the plaintiff’s rule and motions where counsel for plaintiff and defendant submitted oral arguments in favor of their respective positions. No evidence, in support or opposition, was introduced at this hearing by either party. Simply stated, the issues presented for our consideration on appeal cannot be decided without a full evidentiary hearing. For example, one of the more important issues presented herein is whether or not plaintiff could have obtained treatment for her injuries at a medical facility within the State of Louisiana as per La. R.S. 23:1203. In the event it is determined that she was able to do so, plaintiff will not be entitled to recover from defendant medical expenses incurred at the Mayo Clinic. See, Menard v. Royal Ins. Co., 498 So.2d 1164 (La.App. 3 Cir.1986). No evidence has been adduced as to the availability of such facilities and, without same, we are clearly unable to decide this issue.[2]
Additionally, defendant complains that it should not be held, liable for expenses incurred in connection with plaintiff’s surgery at the Mayo Clinic and subsequent outpatient treatment because the condition which necessitated such medical treatment was not related to plaintiff’s original job related accident.[3] Again, no evidence was introduced in these proceedings, and we are therefore unable to determine whether or not the trial court committed reversible error.
Accordingly, and considering the above and foregoing, we reverse the judgment of the trial court and remand this matter for a full evidentiary hearing as we hold that the trial court’s findings were not made on the basis of competent, legal evidence and, in the absence of such evidence, we are unable to decide the issues presented for our consideration on appeal.
Costs of this appeal are to be divided equally between plaintiff and defendant.
REVERSED AND REMANDED.

. We can only assume that the facts recited above are correct. We obtained this information from the briefs and pleadings of record. As shall hereinafter be noted in the body of this opinion, no evidence was introduced in connection with the hearing held in this matter.

. In her November 17, 1986 narrative report, Dr. Ethel Smith stated that she "strongly recommended” that plaintiff be examined at a highly specialized medical facility such as the Mayo Clinic. However, she did not address the issue of whether or not such a facility is available in the State of Louisiana. Similarly, Dr. J. Lee Leonard, by letter dated January 7, 1987, advised that he felt it would be a "wise idea” for plaintiff to seek treatment at the Mayo Clinic. He does not discuss the issue of whether or not treatment is available in the State of Louisiana.
Clearly, we are unable to review the trial court's decision on this crucial issue on the basis of such inconclusive bits of evidence which, as noted herein, were not even filed into evidence in these proceedings.

. We should also note that the record reflects that prior to plaintiffs confinement at the Mayo Clinic, the trial court had advised counsel for plaintiff and defendant that it was his opinion that defendant should be held liable for the cost of such treatment in the event surgery was performed and/or - additional medical problems were diagnosed. Consistent with our holding herein, we find that the trial court erred in making such a ruling without first ascertaining whether or not plaintiff could have obtained treatment for her injuries at medical facilities within the State of Louisiana.