WILLIAMS, Judge.
The sole issue presented by this appeal is whether the administrative hearing officer erred in finding that, under LSA-R.S. 23:1203(A), the employer was not responsible for medical expenses incurred by claimant for medical treatment provided by an out-of-state physician. We affirm.
FACTS
On November 29, 1991, the claimant, John F. Nelson, a foreman with his father’s construction company, Brown F. Nelson & Sons, was unloading pipe from a front-end loader. A piece of pipe rolled off, caught the claimant’s arm and pulled him to the ground. This accident twisted his back. The accident occurred near the closing hour and Nelson finished work that day. When he awakened the next morning in great discomfort, he contacted his parents at their home to notify them of the injury.
Nelson, a resident of Lake Providence, consulted the local telephone directory and found listings for only two orthopedic surgeons in Monroe, Louisiana. Nelson telephoned both physicians but he was informed that an appointment was not available for two weeks. He then telephoned a local physician’s office and was informed of Dr. Daniel Dare, an orthopedic surgeon in Vicksburg, Mississippi. Since Dr. Dare could see Nelson in two days, Nelson visited the Vicksburg *942 doctor. Dr. Dare examined Nelson and began treating him with medication and physical therapy.
The employer and its worker’s compensation insurer, Highland’s Underwriter’s Insurance Company, filed a motion for summary judgment asserting that Nelson was not entitled to the payment of medical bills incurred because of the unauthorized out-of-state medical treatment.[1] In a written opinion, the hearing officer sustained the motion for summary judgment and dismissed the claimant’s suit. Claimant appeals.

DISCUSSION

LSA-R.S. 23:1203(A) requires the employer to pay the medical expenses of the injured employee in a worker’s compensation case:
In every case coming under this Chapter, the employer shall furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal, and shall utilize such state, federal, public, or private facilities as will provide the injured employee with such necessary services. All such care, services, and treatment shall be 'performed at facilities within the state when available.... (emphasis added)
At the time of his injury, Nelson contacted only two Louisiana orthopedic doctors and he made no other effort to seek treatment in Louisiana. Stating there was no emergency room in Lake Providence, Nelson did not go to an emergency room anywhere. Nor did he seek treatment or referral after treatment from a local physician. Nelson testified that he usually used hospitals in Vicksburg and Greenville, Mississippi since they were closer to Lake Providence than Monroe. After Nelson unsuccessfully utilized the Lake Providence telephone book, he made no other attempt to contact an orthopedic surgeon in northeast Louisiana.
Observing that LSA-R.S. 23:1203(A) contains mandatory language to the effect that treatment shall be performed in the state when available, the hearing officer stated that the statute was clear and unambiguous. The hearing officer granted summary judgment in favor of the defendants finding that, although there were many qualified orthopedic surgeons in Louisiana, Nelson did not make a reasonable attempt to determine their availability.
In reaching this decision, the hearing officer relied on Menard v. Royal Insurance Company, 498 So.2d 1164 (La.App. 3d Cir.1986) and Soileau v. Louisiana Paving Company Inc., 498 So.2d 1166 (La.App. 3d Cir.1986).
In Menard, supra, the claimant was not entitled to recover for the medical bill of a Houston, Texas orthopedic doctor. Claimant had been treated for her injury by Lafayette doctors referred by her attorney. The parties stipulated that the Lafayette doctors were capable of treating the claimant. Prior to the work-related injury, the claimant was under the care of the Texas doctor because she did not trust Louisiana doctors. Citing LSA-R.S. 23:1203(A), the court found the statute mandated that the medical services be provided in Louisiana.
In Soileau, supra, the claimant sought to recover for treatment provided by a Texas orthopedic surgeon. Although the claimant had been treated by Louisiana doctors, he went to Texas to seek treatment from the doctor who had previously treated him and had performed a satisfactory surgery. Soi-leau knew that capable Louisiana surgeons could have performed the surgery, and he had been informed concerning the Louisiana law requiring medical services to be per *943 formed in the State of Louisiana. Citing LSA-C.C. Art. 5, the court noted that, even if Soileau had not known about the statute, ignorance of the law was not an excuse for noncompliance. Finding the language of LSA-R.S. 23:1203(A) mandatory, the court disallowed recovery for the out-of-state medical expenses.
In the present case, the hearing officer also cited this court’s opinion in Bailey v. Smelser Oil & Gas, Inc., 609 So.2d 1059 (La.App. 2d Cir.1992), rev’d, 620 So.2d 277 (La.1993). Relying on Menard and Soileau, this court too disallowed recovery for out-of-state medical treatment. The Louisiana physician treating Bailey referred him to a Mississippi neurologist because he could not find a neurologist in Louisiana willing to accept a worker’s compensation patient. This court denied recovery based upon the doctor’s limited effort to find a qualified Louisiana neurologist. Reversing the decision, the supreme court concluded the referral to a Mississippi neurologist was entirely reasonable, since no neurologist was available in North Louisiana to treat plaintiff at that time.
The supreme court’s opinion in Bailey is distinguishable from the present dispute. Bailey was referred to the Mississippi neurologist by the employer’s doctor who could not find a neurologist in North Louisiana who would see Bailey. In contrast, the only evidence in the present case of an attempt to search for a Louisiana orthopedic surgeon was Nelson’s two telephone calls the day after his injury. Noting there are many qualified Louisiana orthopedic surgeons, the administrative hearing officer found Nelson did not make a reasonable effort to locate a Louisiana orthopedic surgeon who could see him on an earlier date than the two physicians he contacted.
The statute mandates that medical treatment be obtained within Louisiana when such medical services are available. We acknowledge that in certain circumstances, the distance and financial inconvenience to the claimant is greater when the claimant searches for an in-state physician. Section 1203(A) does not state the purpose of the instate requirement. Both claimants and their employers would be best served when an injured worker receives the most convenient and economically feasible medical treatment.
While we recognize the results reached in this case are harsh, we are nonetheless bound to interpret LSA-R.S. 23:1203(A) as written. The statute is clear and unambiguous and should be applied as written. LSA-C.C. Art. 9. Inequities in this law should be addressed by the legislature and not by this court.
Since numerous orthopedic surgeons were available throughout North Louisiana, and Nelson contacted only two orthopedic surgeons prior to seeking medical treatment in Mississippi, the administrative hearing officer correctly rejected his claim for reimbursement of the expenses associated with the out-of-state medical treatment. The judgment is affirmed.
AFFIRMED.
BROWN, J., dissents with written reasons.

. On August 25, 1992, the attorneys made the following stipulation:
The only issue present in the payment of medical bills to Dr. Dare, Vicksburg, MS, in the amount of $1000. Ins. co. considers this out-of-state treatment and not in accordance with 1203. Cl. was injured on the job, not contested, with back injury. Cl. called local ortho, dr. in Monroe and was told he could not be seen for three weeks. Cl. lives in Lake Providence, approx. 75 miles from Monroe. Cl. has copy of phone bills to prove his contact with this dr. Cl.’s back pain increased and he felt he had to see a dr. and Dr. Dare could see him that day. Dr. Dare is located 60 miles from Cl.'s home. After 3 weeks of treatment ins. co. set up appt. with their dr., Dr. Brown, and Cl. is presently seeing Dr. Brown and rec. TTD.
R.p.23.