664 So.2d 746 (1995)
Kermit EAST, Plaintiff-Appellee,
v.
CRYING EAGLE CONSTRUCTION, Defendant-Appellant.
No. 95-560.
Court of Appeal of Louisiana, Third Circuit.
November 22, 1995.
Writ Denied February 16, 1996.
*747 Robert Thomas Jacques Jr., Lake Charles, for Kermit East.
Charles M. Jarrell, Opelousas, for Crying Eagle Construction.
Before THIBODEAUX and WOODARD, JJ., and KNIGHT [*], J. Pro Tem.
WOODARD, Judge.
Defendant-employer, Crying Eagle Industrial Contractors, Inc., appeals the award of worker's compensation benefits to plaintiff-employee, Kermit East, asserting: (1) that the administrative hearing officer committed manifest error in finding that East was injured while in the course and scope of his employment with Crying; and (2) that the trial court erred in awarding East recovery of medical expenses he incurred at the VA hospital in Houston, Texas.

FACTS
East alleges that he injured himself June 30, 1993, while in the course of his employment with Crying Eagle, when he and another employee, Michael Faulk, were unloading angular plates at a PPG plant in Lake Charles, Louisiana. He subsequently sought medical evaluation and treatment at the VA hospital in Houston, where he underwent disc surgery.
When Crying Eagle refused him the necessary forms to file for worker's compensation benefits, East filed suit for the appropriate benefits and medical expenses. On January 30, 1995, the hearing officer found that East had been injured while in the course and scope of his employment and that the medical expenses East incurred at the VA hospital in Houston were recoverable.
Crying Eagle appeals that judgment.

LAW
As a threshold requirement, a worker in a compensation action must establish "personal injury by accident arising out of and in the course of his employment." La.R.S. 23:1031(A), as quoted in Bruno v. Harbert Intern., Inc., 593 So.2d 357, 360 (La.1992) (emphasis in original). An accident is defined in La.R.S. 23:1021(1) as "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration."
A worker's compensation claimant has the burden of proving, by a preponderance of the evidence, his disability and its causal connection with his employment accident. Proof by a preponderance of the evidence has been attained when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. Patterson v. GNB Battery, Inc., 569 So.2d 640 (La.App. 2 Cir.1990), writ denied, 573 So.2d 1134 (La.1991). For an employee to prevail in his claim, he must prove by a preponderance of the evidence that his employment somehow caused or contributed to his disability, but it is not necessary that the exact cause be proved. Walton v. Normandy *748 Village Homes Ass'n, Inc., 475 So.2d 320 (La.1985); Patterson, 569 So.2d 640.
Louisiana courts have consistently interpreted the work-related accident requirement liberally and view the question from the worker's perspective. Bruno, 593 So.2d 357. It is well-settled jurisprudence that an accident exists when heavy lifting or other strenuous effort cause or contribute to an injury, or accelerate its occurrence because of a pre-existing condition. Id. Moreover, the worker's testimony alone may be enough to discharge his burden of proof, provided that the following is observed: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) circumstances following the incident corroborate the worker's testimony. Id. The worker's testimony may be corroborated by the testimony of fellow workers, spouses, or friends, as well as by medical evidence. Id.
An administrative hearing officer's determinations as to whether the worker's testimony is credible and as to whether the worker has discharged his burden of proof are factual findings not to be disturbed on appellate review unless that finding was clearly wrong or manifestly erroneous. Id. An appellate court's power to reverse a lower court's factual findings under the manifest error-clearly wrong standard is governed by the general principles enunciated by the Louisiana Supreme Court in Rosell v. ESCO, 549 So.2d 840, 844-845 (La.1989):
When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder [sic] can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder [sic] would not credit the witness's story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. But where such factors are not present, and a factfinder's [sic] finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. [Citations omitted.]

ASSIGNMENT OF ERROR NUMBER ONE
Crying Eagle contends that East's testimony was substantially discredited by its own inconsistencies, and because it was contradicted by other testimony and by objective evidence. Thus, Crying Eagle asserts that the administrative hearing officer committed manifest error in finding that East was injured while in the course and scope of his employment. We affirm the hearing officer's ruling as it applies to this assignment of error.
Crying Eagle points out that Michael Faulk, East's fellow co-worker, Troy Edwards, his supervisor, Art Little, the project manager, and Fred Tucker, one of the owners of the company, all testified that East did not promptly tell them that he had been injured on the job.
In her detailed reasons for judgment, the hearing officer notes problems with East's case: company records do not reflect that he was working with angular plates on the date in question, or that Michael Faulk was working on the same job with East that week; East did not give a history of a work accident in the initial treatment of his injury; and he did not disclose that he had previously been treated over a period of years for a pre-existing back problem.
Notwithstanding, the hearing officer also finds inconsistencies and discrepancies in the testimony and evidence adduced on behalf of the Crying Eagle. For example, conflicting testimony was presented: as to when fellow employees and company personnel first learned of East claiming that his injury was work-related; as to whether loans by the company to East were merely personal or were in lieu of compensation; and as to what was said, and who said what, in an exchange in the company coffee room between East *749 and company personnel concerning his disability and its onset.
Ultimately, the hearing officer bases her decision to award benefits on her assessment of the character and credibility of East, as she states in her cogently expressed reasons for judgment:
The court does not take any of these discrepancies lightly and finds in favor of Mr. East primarily because the court believes his testimony. The court found Mr. East to be forthcoming, not evasive in any manner, and basically credible. The court believes that Mr. East did experience some back problems prior to the incident in question, as reflected in Dr. Guidry's records, but that those problems did not prevent him working heavy manual labor. The court believes that Mr. East did experience an incident while unloading the andular [sic] plates ..., and that Michael Faulk was with him even though the company time sheets do not show Mr. Faulk working that job that week. The court believes that either that day, or within a couple of days, Mr. East mentioned the incident to Mr. Edwards, in the presence of Michael Faulk, but essentially told Mr. Edwards not to worry about it as it would be taken care of through the VA hospital. The court believes Mr. East probably downplayed the incident because he thought it would be taken care of through the VA and because he wanted to stay in good standing with his employer. The court believes the employer was aware of the possibility of a workers' compensation claim and loaned Mr. East money because it was simpler to handle the situation the way Mr. East suggested and give him some financial assistance. The court believes the only reason Mr. East failed to tell anyone about seeing Dr. Guidry [was] because he saw Dr. Guidry to get prescription medication because of a substance abuse problem and knew this would reflect badly on him. However, most importantly, the court does believe Mr. East injured himself at work and that he is entitled to workers' compensation benefits.
The hearing officer was very careful to fairly consider all evidence adduced at trial, evidence that is both favorable and unfavorable to the respective parties, and to comprehensively weigh that evidence with all its implications. Her ultimate ruling for East comports with jurisprudential strictures to interpret the work-related requirement liberally and from the worker's perspective. Her determination that East suffered an injury on the job is supported by his testimony, as well as other testimony and objective evidence. Her belief in the credibility of East's testimony, which she specifically found not to be so internally inconsistent as to be implausible, and in East's general believability as a witness, is also supported by the record. Her finding that the testimony of those witnesses on behalf of the Crying Eagle was also inconsistent and did not fatally impugn East's claims but, in some aspects, actually conduced to his favor, is amply demonstrated in the record and is entitled to great deference.
Thus, we conclude that the hearing officer was not clearly wrong in finding that East proved by a preponderance of the evidence that he suffered an injury from an accident caused by heavy lifting in the course and scope of his employment.

ASSIGNMENT OF ERROR NUMBER TWO
In this assignment of error, Crying Eagle asserts that the trial court erred in awarding East recovery of medical expenses incurred at the VA hospital in Houston, Texas. We affirm the hearing officer's ruling.
According to Crying Eagle, these expenses are not recoverable because an employer is not responsible for the costs of treatment received from out of state physicians. However, the statute in question, La.R.S. 23:1203(A), actually reads, in pertinent part, that "the employer shall furnish all necessary... medical and surgical treatment, ... and shall utilize such state, federal, public, or private facilities as will provide the injured employee with such necessary services. All such ... treatment shall be performed at facilities within the state when available." (Emphasis supplied.)
The hearing officer did not elaborate on this aspect of the award in her reasons for *750 judgment. As Crying Eagle made the same argument in its post-hearing brief that it makes on appeal, and the hearing officer nevertheless awarded recompense, we can assume that she found that the treatment East received at the VA hospital in Houston was treatment not available within Louisiana. Indeed, Crying Eagle does not claim in its brief that the treatment received in Houston was available in Louisiana. Additionally, when East notified Crying Eagle that he proposed to obtain treatment in Houston, it did not object, nor does it claim that it was prejudiced in any way by his action.
Crying Eagle cites Nelson v. Highland Ins. Co., No. 25706 CA (La.App. 2 Cir. 3/30/94); 634 So.2d 941, for support. However, we find that case does not apply to our case, as in the former the court affirmed the hearing officer, who had sustained a motion for summary judgment, under a de novo standard of review, whereas the judgment under review here was not rendered in a summary judgment proceeding, and therefore the de novo standard of review does not apply to our case. As stated above, it is the manifest error standard that applies to this case, and the hearing officer did not manifestly err in ruling as she did on this matter.
Moreover, the Nelson court stated that the parties involved would both be best served when an injured worker receives the most convenient and economically feasible medical treatment. We must agree, and the import in East's brief is that this is what he did. This is not refuted by Crying Eagle.
We do not find that the hearing officer abused her discretion. Therefore, we find this assignment of error without merit.

CONCLUSION
For the reasons stated, the judgment of the administrative hearing officer is affirmed. Defendant-appellant, Crying Eagle Industrial Contractors, Inc., is cast with all costs of this appeal.
AFFIRMED.
NOTES
[*] Judge William N. Knight of the Thirty-first Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.