710 So.2d 261 (1998)
Kenneth OXLEY, Plaintiff-Appellant,
v.
Stanley SATTLER, et al., Defendants-Appellees.
No. 97-1299.
Court of Appeal of Louisiana, Third Circuit.
February 18, 1998.
Rehearing Denied June 9, 1998.
*263 William Preston Crews, Jr., Natchitoches, for Kenneth D. Oxley.
Kathryn Fowler Van Hoof, for Stanley Sattler, et al.
Before DECUIR, SAUNDERS and COOKS, JJ.
COOKS, Judge.
Plaintiff sought workers' compensation benefits, claiming he became disabled from a heart condition known as ventricular tachycardia, precipitated by his employment. The hearing officer granted plaintiff temporary total disability benefits, finding his illness was work-related. Defendant appeals that this decision was manifestly erroneous. Plaintiff also appeals, asserting the tribunal erred in deciding to grant benefits for six months maximum, and further by failing to award him statutory penalties and attorney's fees. Finding the hearing officer manifestly erred by failing to specify the amount of medical benefits due plaintiff, we partially reverse and remand the matter for determination of that issue only. In all other regards, the judgment is affirmed.

FACTS
Kenneth Oxley worked as a log cutter for over twenty years. Beginning in January 1994, he was employed by Colston & Sattler log cutting services. At Colston & Sattler, his work hours extended from daylight to dark, five or six days each week. During these hours, he was required to cut trees and trim limbs to help the logging crew produce 12 to 14 loads of cut wood per day. Oxley testified his job required continuous walking and he took only three 30 minute breaks each day.
In 1992, Oxley suffered a heart attack and he has since been diagnosed with having coronary artery disease. The record shows Oxley frequently complained of chest pain and shortness of breath. Beginning in late 1994, Oxley experienced dizziness, weakness and fainting episodes two to three times each month.
On the morning of November 8, 1995, Oxley "blacked out" after cutting into a tree, with a power saw, to release a shearer used to cut smaller trees. This task was part of Oxley's regular duties. He was required to release shearers in this manner twelve to fifteen times a day. Oxley was subsequently diagnosed as having ventricular tachycardia, a condition which causes his heart to accelerate and beat in the bottom ventricle instead of the top ventricle.
Oxley has since been unable to work. The testifying medical expert stated he believed "the added exertion and stress put on by his very vigorous labor was the approximate cause of his" disabling injury. On May 14, 1997, the workers' compensation hearing officer granted Oxley temporary total disability benefits in the amount of three hundred and thirty dollars per week for a period of six (6) months, plus legal interest from each date due until paid. Further, defendants were ordered to pay medical benefits "which are reasonable and necessary and work-related." However, the hearing officer did not award plaintiff statutory penalties and attorney's fees. No benefits have been paid to date.

ASSIGNMENTS OF ERROR
The defendants assert the following assignments of error:
1. The trial court erred in finding that plaintiff-appellee met the burden of proof required in proving that an accident *264 occurred under LSA-R.S. 23:1021(1).
2. If the trial court was correct in finding that an accident occurred, the trial court erred in finding that plaintiff-appellee met the burden of proof required in proving that an injury resulted from any alleged accident under LSA-R.S. 23:1031(A) and LSA-R.S. 23:1021(7)(a).
3. If the trial court was correct in finding that an accident and injury occurred, the trial court erred in finding that plaintiff-appellee met the burden of proof required under LSA-R.S. 23:1021(7)(e) for the heartrelated illness of plaintiff-appellee.
4. The trial court erred in finding that the plaintiff-appellee met the burden of proof required in proving entitlement to medical benefits under LSA-R.S. 23:1203.
5. The trial court erred in failing to make specific and certain the award of medical benefits so that the rights of the parties may be determined, as required by LSA-CCP Art. 1841.
Oxley submits the following two assignments of error:
1. The hearing officer manifestly erred in granting temporary total disability benefits for a maximum period of six months.
2. The hearing officer manifestly erred in failing to find that the defendant insurer was not arbitrary and capricious in its handling of Oxley's claim and, accordingly should have awarded statutory penalties, including attorney's fees.

LAW

Defendants' Assignments Numbers 1 & 2
La.R.S. 23:1031(A) provides that an employee is entitled to workers' compensation benefits if he receives "personal injury by accident" within the course and scope of employment. See Canady v. Pynes Chrysler, Inc., 617 So.2d 566 (La.App. 3 Cir.1993). This court has held when performance of usual and customary duties of a worker causes or contributes to physical breakdown, the requirements under the workers' compensation statutes for "accidental" injury are present. See Coley v. Wilson Oil Co., 620 So.2d 445 (La.App. 3 Cir.1993).
The workers' compensation statutes define "injury" and "personal injuries" as "injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom." La.R.S. 23:1021(7)(a). We must first consider whether Oxley's heart attack was an "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently," as opposed to "a gradual deterioration or progressive degeneration." La.R.S. 23:1021(1). In Canady, 617 So.2d 566, 568, we recognized that "an employee with a weakened heart, who is vulnerable to very slight strain or exertion is protected by the (workers' compensation statutes)." Id., other citations omitted.
In that case the plaintiff was disabled from a progressive heart disease known as idiopathic dilated cardiomyopathy. He first experienced the symptoms of the disease on the morning of December 16 and 17, 1986, when he was overcome by pain while operating a ten pound "grinder" in the course and scope of his employment as an auto body repairman for Pynes Chrysler, Inc. He reported the incident to his employer who allowed him to return home for the rest of the day. At home, he rested the remainder of the day by lying on his couch or his bed. Canady ate supper, retired for the night, then returned to work the next morning. Id. at 567.
The next morning, after he had been grinding "two or three minutes" Canady again felt pain in his left arm, neck, shoulder and in the left side of his chest. Later that evening, his wife drove him to the hospital where he was treated and released with an inconclusive diagnosis. Canady never returned to work again and was eventually diagnosed with idiopathic dilated cardiomyopathy. The medical testimony, though all experts agreed Canady's heart disease predated the work episodes, established "by a preponderance of the evidence that Canady's physical exertion at work triggered the onset *265 of his previously asymptomatic condition." Id. at 569.
Here, the defendants place much emphasis on the fact that Oxley "suffered from episodes of syncope, associated with palpitations, sharp chest pain, dizziness, weakness, and fainting episodes for about one year prior to the November 8, 1995 accident." However, it is well settled that a preexisting disease or infirmity of an employee does not disqualify a worker from receiving compensation benefits if the claimed work injury aggravated, accelerated or combined with the disease or infirmity to produce the disability for which compensation is demanded. Rideaux v. Franklin Nursing Home, 95-240 (La.App. 3 Cir. 11/22/95), 664 So.2d 750, writ denied 95-3093 (La.2/16/96), 667 So.2d 1058. To qualify for compensation benefits, an injured worker need only prove, by a preponderance of the evidence, that the preexisting condition was activated or precipitated into a disability by a work-related accident. See Dew v. V.I.S., Inc., 95-141 (La.App. 3 Cir. 11/2/95), 664 So.2d 693.
In workers' compensation proceedings, the administrative hearing officer's determination as to whether a worker has discharged his burden of proof is "not to be disturbed on appellate review unless that finding was clearly wrong or manifestly erroneous." East v. Crying Eagle Const., 95-560 (La.App. 3 Cir., 11/22/95), 664 So.2d 746, writ denied 95-3077 (La.2/16/96), 667 So.2d 1057.
After careful examination of the record, we find Oxley presented evidence sufficiently showing there was both an accident and injury, as contemplated by the pertinent statutes on November 8, 1995. Although Oxley suffered from a preexisting heart condition, Dr. Nash confirmed Oxley's ventricular tachycardia developed from work exertion and ultimately combined with or "aggravated" his underlying heart disease. The hearing officer did not manifestly err on this issue and her rulings must be affirmed.

Defendants' Assignment Number 3
The defendants further argue that, assuming there was an accident and injury, as defined by the compensation statutes, the hearing officer erred in finding Oxley suffered a compensable heart-related injury. To obtain compensation for a heart-related injury, even if work-related, the claimant must prove by clear and convincing evidence that the physical work stress was extraordinary and unusual compared to stress or exertion experienced by the average employee in that occupation and that physical work stress or exertion, not some other source of stress or preexisting condition, was the predominant and major cause of the heart-related injury. See Ellis v. Normal Life of Louisiana, 93-1009 (La.App. 5 Cir. 5/31/94), 638 So.2d 422.
Appellants cite Royer v. Western American Specialties Transp., 96-746 (La.App. 3 Cir. 12/11/96), 686 So.2d 73, writ denied 97-C-0517 (La.4/4/97), 692 So.2d 423, in support of their argument that Oxley's physical work stress did not cause his "blackout." Royer is distinguishable from the matter before us. In that case, all physicians who either examined or treated the claimant testified that he did not suffer a heart attack on the day he collapsed at work. Thus, we held Royer's physical work stress was not the "predominant and major" cause of his illness.
In contrast, Oxley's treating physician, Dr. Zev-David Nash, testified "the added exertion and stress put on by [Oxley's] very vigorous labor was the approximate cause of his ischemic cardiac problem which initiated the ventricular tachycardia ..." Dr. Nash unequivocally opined that Oxley's underlying coronary artery disease was "precipitated or aggravated" by the November 1995 incident. Although the defendants question Nash's conclusions, they offered no medical testimony to rebut his opinion.
Further, the record shows until 1993, Colston and Sattler operated as a partnership of three, rather than two, with more resources and more workers. Oxley's workload was significantly less in the earlier years than it was at the time of his accident. According to Oxley, prior to the incorporation of Colston & Sattler, he was expected to cut and trim seven loads of timber daily. After January 1994, however, he and the other loggers "started getting anywhere from 12 to *266 14 loads a day." The hearing officer could have reasonably concluded that a productivity increase of almost one hundred percent exceeded "what was usual, regular, or customary in relation to the average employee in that occupation." Custis v. Whitaker Const., 95-1110 (La.App. 3 Cir. 1/31/96), 670 So.2d 339, writ denied 96-0553 (La.4/19/96), 671 So.2d 920. Because the record is devoid of any contrary evidence, we can not say the hearing officer erred in reaching this conclusion and we refuse to disturb the hearing officer's determinations of fact and credibility. See East, 664 So.2d at 748.

Defendants' Assignments Numbers 4 & 5
The defendants' last designations of error involve the hearing officer's award of medical benefits pursuant to La.R.S. 23:1203. That statute provides an employer found liable for workers' compensation "shall furnish all necessary medical, surgical, and hospital services ..." In this case, however, the hearing officer awarded the payment of medical benefits "which are reasonable and necessary and work-related, resulting from the November 8, 1995 episode of ventricular tachycardia (together with any other medically diagnosed abnormality resulting from the episode of Nov. 8, 1995) and subject to the fee schedule of the Office of Workers' Compensation Administration and any appropriate audits." The judgment, as it stands, is legally deficient.
An employee must prove by specific evidence that his claim is related to a reasonable certainty to his work-related injury by a preponderance of the evidence. Schulz v. Board of Commissioners of the Port of New Orleans, 614 So.2d 135 (La.App. 4 Cir.1993). Here, Oxley's attorney admitted there is "an excellent chance that a significant amount of these bills are not directly attributable to (the accident)." Also, the defendants correctly note a dollar-specific amount of benefits was not awarded. La. Code.Civ.P. art. 1841 provides "a judgment is the determination of the rights of the parties..." In this case, the judgment does not sufficiently particularize the award of medical benefits. The employer is unable to ascertain which bills the court has awarded as reasonable, necessary and work-related. For these reasons, the matter must be remanded to the trial court for a specific determination of the award of medical benefits, as required by La.C.C.P. art. 1841.

Plaintiff's Assignments Numbers 1 & 2
Oxley alleges the hearing officer erred in granting him disability benefits for only six months. We can find no reason why Oxley should receive benefits for any longer. Dr. Nash did not indicate, with medical certainty, that Oxley will remain totally disabled for a longer period. The hearing officer was forced to rely largely on her sagacity, considering the limited medical evidence and Oxley's testimony concerning his daily activities since November of 1995. Oxley is not prevented from seeking greater benefits at the expiration of this period should his disability continue or worsen.
Second, Oxley asserts entitlement to attorney's fees and statutory penalties, citing La.R.S. 23:1201. According to Oxley the insurance claims agent failed to reasonably and adequately investigate his claims and "had she done [so her findings] would have revealed that this indeed was an in course and scope injury resulting in disabilities with significant medical expenses." That allegation, in and of itself, may be true. However, we find, in light of the circumstances surrounding Oxley's claim for benefits, the representative's failure to investigate further does not entitle him to fees and penalties. Because there was a "bona fide factual dispute as to whether [Oxley's condition] was work-related," the insurer had "`probable cause'" to refuse benefits. See Cole v. Sears, Roebuck & Co., 337 So.2d 900 (La.App. 3 Cir.1976). In addition, great discretion is afforded the trial court in determining whether an award of penalty and attorney's fees is warranted and, if so, the amount of such awards. See Thomas v. Gregory & Cook, Inc., 445 So.2d 1258 (La. App. 3 Cir.1984). Oxley's second assignment is, similarly, without merit, and must be denied.

*267 CONCLUSION
For the above reasons, this matter is remanded to the tribunal below for a determination of the specific amount of medical benefits owed to the plaintiff. The hearing officer's judgment is affirmed in all other regards.
AFFIRMED IN PART. REMANDED IN PART.